Shaw, C. J.
The prisoners were indicted for robbery, on the Rev Sts. c. 125, § 13, following the previous St. of 1818, c. 124, § 1. The indictment avers that the prisoners, at the time *568 of the robbery, were armed with a dangerous weapon, and, being so armed, that they did actually strike and wound the person robbed. This offence, by the revised statutes, was made punishable with death; but by St. 1839, c. 127, imprisonment for life, in the state prison, is substituted. In all other respects, this provision of the revised statutes remains in force.
The question raised on this bill of exceptions is, whether the evidence therein set forth was sufficient to warrant the jury in finding an actual striking or wounding, so as to bring the case within this clause of the statute.
This evidence depends wholly upon the testimony of Cook, the person robbed, which, after a verdict of conviction, and for the purposes of this inquiry, must be considered as entitled to full credit.
The proof of being armed with a dangerous weapon, is un» quesuonaole ; the doubt is as to actual striking or wounding.
1. First, as to wounding. In many cases there is great difficulty in determining what constitutes a wound. It has been a subject of considerable discussion under some of the English statutes; but we shall not attempt to give a definition. The scratch on the face, even if it were given by the prisoners on that occasion, which is left wholly doubtful by the testimony, we are satisfied was not a wound, within the statute. At most it was a rupture of the cuticle, and not of the whole skin, and would not necessarily cause any blood to flow. Regina v. M'Loughlin, 8 Car. & P. 635. Rex v. Beckett, 1 M. & Rob. 526. Roscoe Crim. Ev. (2d Amer. ed.) 729.
2. And we are also satisfied that the evidence shows no blow stricken. The prisoners ran after the prosecutor, put their arms round his neck, and threw him on the ground; and one of them held him jammed down to the ground, whilst the other rifled his pocket. Here was force, undoubtedly, enough to do considerable violence to the man’s person, and to produce the feeling of stiffness, of which he complained on the next day. But if was not the particular violence which is expressed by the term “ striking,” which implies force, applied with an impetus; a blow. The pressing with their arms and throwing hiir down, *569 and holding him down, were neither of them a blow. The words jammed down, in the way in which they are used, do not come up to the idea of striking; the terms are, that they held him jammed down to the ground; from which we understand that they held him down firmly, and pressed on him forcibly, so that he could not extricate himself. This evidence proves a very atrocious crime, and one which, under other provisions of the statute, must subject the offenders to a severe punishment. But the court are of opinion, that it does not prove a robbery, attended with the specific aggravation of being armed with a dangerous weapon, and actually wounding or striking the party robbsd

Verdict set aside, and a new trial granted